EAST END TRANSFER STORAGE,
INC., et al., Respondents,

v.

VANLINER INSURANCE COMPANY,
Defendant,

and

The Travelers Indemnity Company of
Illinois, Defendant/Appellant,

and

American Guarantee & Liability Insurance Company, Defendant/Respondent,

and

United Vanlines, L.L.C., Defendant,

and

Unigroup, Inc., Defendant.

North American Specialty Ins.
Co., Plaintiff/Respondent,

v.

The Travelers Indemnity Company of
Illinois, Defendant/Appellant,

and

American Guarantee & Liability Insurance Company, Defendant/Respondent,

and

Vanliner Insurance Company,
Defendant,

and

United Vanlines, L.L.C., Defendant,

and

Unigroup, Inc., Defendant.

No. ED 85825.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 15, 2005.

Theodore J. MacDonald, Jr., St. Louis, MO, Laurence J. Rabinovich (co-counsel), New York, NY, for Travelers Indemnity.

Russell F. Watters, St. Louis, MO, for No. American Specialty Ins.

Bradley J. Baumgart, Michael E. Brown (co-counsel), Kansas City, MO, Fairfax Jones (co-counsel), St. Louis, MO, for Am. Guarantee & Liability.

Robert J. Selsor, St. Louis, MO, for United Vanlines.

Adrian P. Sulser, St. Louis, MO, for Vanliner Insurance.

Before NANNETTE A. BAKER, P.J., ROBERT G. DOWD, JR., J., and SHERRI B. SULLIVAN, J.

*ORDER*

PER CURIAM.

The Travelers Indemnity Company of Illinois ("Travelers") appeals from a Motion for Summary Judgment the trial court granted to North American Specialty Insurance Company and American Guarantee & Liability Insurance Company.

Travelers raises three points on appeal. First, Travelers claims that the trial court erred by relying on Travelers Truckers Policy Endorsement 20 01 because neither the vehicle owned by Vincent Fister, Inc. ("Fister") nor the vehicle owned by East End Transfer & Storage, Inc. ("East End") qualified for coverage under that endorsement. Second, it claims that the trial court erred by ruling that the vehicles owned by Fister and East End, two of Travelers' agents, failed to qualify as "covered autos" under the Travelers commer-

cial automobile policy ("Contingent Policy"). Finally, Travelers argues that the trial court erred by failing to give proper effect to Travelers truckers policy ("Truckers Policy") endorsements, which made it clear that the Fister and East End vehicles did not qualify as covered autos under its Truckers Policy. We find no error and affirm.

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).